Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000216
30-NOV-2012
08:03 AM

NO. CAAP-10-0000216

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
ALFREDO ADRIANO BAUTISTA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 09-1-0495(4))

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Alfredo Bautista (Bautista) timely appeals from the November 17, 2010 judgment entered by the Circuit Court of the Second Circuit (circuit court),[1] convicting him of two counts of assault in the third degree in violation of Hawaii Revised Statutes (HRS) § 707-712(1)(a) (1993).[2]

Bautista asserts three points of error, asking this court to overturn his convictions and remand his case to the trial court with instructions to take no further action. First, he argues the circuit court abused its discretion when it denied the deputy public defender and Bautista's repeated requests to permit the deputy public defender to withdraw as counsel and to

---

[1] The Honorable Richard T. Bissen, Jr. presided.

[2] In relevant part, HRS § 707-712 provides, "A person commits the offense of assault in the third degree if the person . . . intentionally, knowingly, or recklessly causes bodily injury to another person." HRS § 707-712(1)(a).

have substitute counsel appointed. Second, Bautista contends that the circuit court committed reversible error when it found Bautista fit to proceed. Third, he argues that the circuit court committed reversible error when it gave Jury Instruction No. 22, which omitted a crucial word in its explanation of "mutual affray," thus materially changing the meaning of the instruction and making the verdict erroneous.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve Bautista's points of error as follows:

(1) Although a criminal defendant has a right to effective assistance of counsel, it is not absolute. State v. Torres, 54 Haw. 502, 504, 510 P.2d 494, 496 (1973) (citing U.S. Const. amend. VI and amend. XIV, Haw. Const. art. 1, § 11 ). "[C]ertain restraints must be put on the reassignment of counsel lest the right be manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice." State v. Soares, 81 Hawai'i 332, 354, 916 P.2d 1233, 1255 (App. 1996) (quoting McKee v. Harris, 649 F.2d 927, 931 (2d Cir. 1981) (internal quotation marks omitted)), overruled on other grounds by State v. Janto, 92 Hawai'i 19, 986 P.2d 306 (1999). Thus, a trial court's decision will only be overturned on appeal if "there was an abuse of discretion that prejudiced the defendant by amounting to an unconstitutional denial of the right to effective assistance of counsel." Torres, 54 Haw. at 505, 510 P.2d at 496. This court looks to whether the circuit court protected Bautista's right to effective representation of counsel by conducting an inquiry that was "sufficient to enable the court to determine if there is good cause to warrant substitution of counsel." State v. Kossman, 101 Hawai'i 112, 119, 63 P.3d 420, 427 (App. 2003) (citation omitted).

2

In assessing whether there was good cause, the circuit court may not simply consider the defendant's subjective perception but must apply an objective standard. Id. at 120, 63 P.3d at 428. "The law is clear in this jurisdiction that the appellant has the burden of furnishing the appellate court with a sufficient record to positively show the alleged error." Union Bldg. Materials Corp. v. Kakaako Corp., 5 Haw. App. 146, 151, 682 P.2d 82, 87 (1984); see also Bettencourt v. Bettencourt, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995). See State v. Hoang, 93 Hawai'i 333, 336, 3 P.3d 499, 502 (2000) (applying the burden in a criminal case).

Here, the foundation is unclear for Bautista's assertion. Bautista notes that the circuit court held a hearing on the deputy public defender's first motion to withdraw and, at this hearing held on November 10, 2009, denied the motion. He also cites the transcripts of August 5, 2010, in which the circuit court appointed substitute counsel, and of trial proceedings held on June 23, 2010, in which the deputy public defender asserted the defense that Bautista lacked penal responsibility even though Bautista specifically stated that he did not want to assert that defense. No transcript for the November 10, 2009 or June 23, 2010 hearings is in the record. Thus, Bautista provides an insufficient record for this court to review these aspects of his argument because, without the transcripts, this court has no basis upon which it might (1) review the circuit court's inquiry and reasoning with regard to the first motion and (2) fully assess the events of June 23, 2010.

In support of his challenge to the circuit court's denial of his second motion to substitute counsel, Bautista did provide this court with his May 19, 2010 letter to the circuit court requesting new counsel, the deputy public defender's second motion to withdraw, and transcript of the circuit court's hearing on the same where the circuit court denied the motion. Bautista argues that a complete breakdown of trust and confidence occurred

3

between the deputy public defender and him. Bautista, however, does not provide any authorities that support his argument that the circuit court abused its discretion by determining that Bautista was not being denied effective assistance of counsel by his attorney's conduct and our review reveals that the circuit court's decision is supported by what is in the record.

Additionally, the circuit court's determination is consistent with the case law from this jurisdiction. See Kossman, 101 Hawai'i at 120-21, 63 P.3d at 428-29; see also State v. Alston, 120 Hawai'i 254, 203 P.3d 674, No. 28410 2009 WL 868034 at *13 (App. Mar. 31, 2009) (mem.); State v. Yaqin, 125 Hawai'i 243, 257 P.3d 1220, No. 29843 2011 WL 576586 * 1 (App. Feb. 17, 2011) (SDO). To be entitled to relief, Bautista cannot just conclusorily assert that there was a breakdown in trust, he must show that there was either a disqualifying conflict of interest or an apparently unjust verdict. Kossman, 101 Hawai'i at 121, 63 P.3d at 429. Bautista does not do either. We therefore reject Bautista's first issue on appeal.

(2) In deciding whether Bautista was fit to proceed to trial,[3] the circuit court was required to assess the medical

---

[3] It is unclear to what end Bautista challenges the circuit court's determination that he was fit to proceed. Except for claims reserved for appeal in a conditional plea, a defendant waives the right to assert nonjurisdictional claims by knowingly and voluntarily entering a guilty or no contest plea. Adams v. State, 103 Hawai'i 214, 225-26, 81 P.3d 394, 405-06 (2003); State v. Morin, 71 Haw. 159, 162-63, 785 P.2d 1316, 1318-19 (1990). This bars the arguments raised in Bautista's opening brief as to Count One, which do not explicitly attack the validity of the plea. While Bautista questions the validity of the plea in his reply brief, an argument not raised in the opening brief cannot be raised for the first time in a reply brief. See State v. Mark, 123 Hawai'i 205, 230, 231 P.3d 478, 503 (2010); Hawai'i Rules of Appellate Procedure Rule 28(d) ("The reply brief shall be confined to matters presented in the answering brief.").

On the other hand, even where the appellant does not contest the validity of his guilty plea on appeal, the court may address this issue under the plain-error standard. See State v. Vaitogi, 59 Haw. 592, 6593 n.4, 585 P.2d 1259, 1260 n.4 (1978). "It is axiomatic that an accused must be competent to enter a valid guilty plea." United States v. Masthers, 539 F.2d 721, 725 (D.C. Cir. 1976). Here, Bautista argues that he was not fit to proceed. Accordingly, the circuit court could interpret this point of error as encompassing an attack on the validity of his plea. We decline to do so. Bautista does not actually link his fitness argument with his attack on the validity of the plea. He does not ask to withdraw his plea, seeking a

(continued...)

evidence and its observation of the defendant to determine whether Bautista either (1) lacked the capacity to understand the proceedings against him or (2) lacked the capacity to assist in his defense. State v. Castro, 93 Hawai'i 424, 426 n.1, 5 P.3d 414, 416 n.1 (2000); HRS § 704-403 (1993).

With regard to his first motion, Bautista argues that the circuit court erred in its assessment of the medical evidence presented at the April 9, 2010 fitness hearing  and recounts the subsequent trial proceedings.  However, this invitation to re-weigh the evidence does not comport with the applicable standard of review.  The case law from this jurisdiction has overruled the trial court's determination only when the trial court either failed to comply with the statutorily-required procedures or chose to rely on its own observations in the absence of a complete medical report.  See Castro, 93 Hawai'i at 427, 5 P.3d at 417; State v. Tierney, 127 Hawai'i 157, 168-72, 277 P.3d 251, 262-66 (2012).  Accordingly, this court rejects Bautista's challenge to the circuit court's denial of his first motion to be found unfit to proceed.

With regard to his renewed request, Bautista relies on testimony from trial proceedings that took place on June 22, 2010, June 23, 2010, and June 24, 2010, for which no transcripts appear in the record.  Here, the transcripts are necessary for any meaningful review of the circuit court's denial of the renewed request.  Therefore, Bautista has failed to present a sufficient record to review his claim.

(3)  Bautista argues that the circuit court committed reversible error when it gave Jury Instruction No. 22, which set

---

³(...continued)
dismissal instead.  This suggests that Bautista actually is seeking a partial withdrawal or modification of a plea agreement, which is not obviously permissible.  See Adams, 103 Hawai'i at 225-26, 81 P.3d at 405-06 (noting that Adams cited no authority pursuant to which this court may permit a partial withdrawal or modification of a plea agreement but declining to reach the issue as unnecessary for the disposition of the appeal).  Moreover, this court would have to find that the circuit court plainly erred in its ruling as to Bautista's fitness to proceed and as is next discussed, no reversible error appears in the record provided.

forth the mitigating mutual affray defense but omitted the word "not" and, thus, changed the meaning of the instruction to its opposite. "Mutual affray" is a mitigating defense to the offense of misdemeanor assault in the third degree. State v. Kikuta, 125 Hawai'i 78, 95, 253 P.3d 639, 656 (2011). If the fight or scuffle was entered into by mutual consent, the offense becomes a petty misdemeanor. Id.; see also HRS § 707-712(2). In Kikuta, the Hawai'i Supreme Court held that the circuit court erred where it did not give a mutual affray instruction because there was some evidence that the fight or scuffle had been entered into by mutual consent. Id. at 96, 253 P.3d at 657. The court in Kikuta further observed that the Hawai'i Jury Instructions Criminal requires this instruction when there is evidence in the record that supports it. Id. at 97-98, 253 P.3d at 658-59 (referencing HAWJIC 9.21).

> In this case, the written instruction stated:
>
> With respect to Count Two of the charging document, if you find that the prosecution has proven the offense of Assault in the Third Degree beyond a reasonable doubt, then you must also determine whether the prosecution has proven beyond a reasonable doubt that Defendant entered into a fight or scuffle by mutual consent. This determination must be unanimous and is to be indicated by answering "Yes" or "No" on a special interrogatory which will be provided to you.
>
> Did the prosecution prove beyond a reasonable doubt that a fight or scuffle between Defendant and Andrian Rodriguez was entered into by mutual consent? [Your answer must be unanimous].

Bautista explains that the instruction omits the word "not" in both paragraphs, arguing that the prosecution was required to prove beyond a reasonable doubt that a fight or scuffle between Bautista and Andrian Rodriguez was not entered into by mutual consent. Bautista further asserts that the trial court's clerk read the jury verdict form with that error and references a missing transcript. Bautista then argues that the circuit court found that evidence adduced at trial was sufficient to require the mutual affray defense. Bautista further contends that, having demonstrated instructional error, there was a reasonable possibility that the error contributed to his

conviction and, thus, the error was not harmless beyond a reasonable doubt and the judgment must be vacated.

While here, as the State conceded, there was an instructional error, the particular circumstances in this case involve an absent – as opposed to silent – record. Cf. Parke v. Raley, 506 U.S. 20, 30 (1992) (noting the difference between cases in which an extant transcript is suspiciously silent and those in which no transcript exists, applying the presumption of regularity in the latter). Moreover, the Hawaiʻi Supreme Court has explained that "[instructional] error is not to be viewed in isolation and considered purely in the abstract" but "must be examined in the light of the entire proceedings and given the effect which the whole record shows it to be entitled." State v. Nichols, 111 Hawaiʻi 327, 334, 141 P.3d 974, 981 (2006). Thus, this court must have a sufficient record to place the instructional error in its context, including whether evidence going to the mutual affray defense was adduced at trial. See id.; Kikuta, 125 Hawaiʻi at 95-98, 253 P.3d at 656-59. Accordingly, the court cannot reach the merits of this alleged error.

Therefore,

IT IS HEREBY ORDERED that the November 17, 2010 Judgment entered by the Circuit Court of the Second Circuit is affirmed, without prejudice to a subsequent petition pursuant to Hawaiʻi Rules of Penal Procedure Rule 40.

DATED: Honolulu, Hawaiʻi, November 30, 2012.

On the briefs:

Lars Peterson,
for Defendant-Appellant.

Peter A. Hanano,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge